1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8

9

10

11

12

13

| | |
|---|---|
| C.K., | CASE NO. 2:24-cv-01208 |
| Plaintiff, | ORDER DENYING MOTION TO PROCEED UNDER PSEUDONYMS AND FOR PROTECTIVE ORDER |
| v. | |
| ALEJANDRO MAYORKAS ET AL, | |
| Defendants. | |

14

15

16

17

18

19

     This matter comes before the Court on Plaintiff C.K.'s Motion to Proceed Under Pseudonyms and for Protective Order. Dkt. No. 2. Because Defendants have not yet appeared and therefore cannot respond to Plaintiff's motion (*see* Dkt), the Court finds the motion to be premature. The Court will not reach the merits of Plaintiff's argument without hearing from Defendants first. Accordingly, Plaintiff's motion is DENIED without prejudice.

20

21

22

23

     "[O]ur entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70*, 415 U.S. 423, 439 (1974). "By allowing both sides to have their say, the

**ORDER** DENYING MOTION TO PROCEED UNDER PSEUDONYMS AND FOR PROTECTIVE ORDER - 1

adversary system promotes accuracy, fairness, and consistency—the hallmarks of our system of justice." *In re Intermagnetics Am., Inc.*, 101 B.R. 191 (C.D. Cal. 1989). These principles explain why the burden is on ex parte movants to justify "why [they] should be allowed to go to the head of the line in front of all other litigants and receive special treatment." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

Plaintiff offers no such justification here. Plaintiff cites numerous cases to support the merits of her position that she should be allowed to proceed under a pseudonym with her identity shielded from public view. In none of these cases did the court rule on the issue before defendant(s) had notice and an opportunity to be heard. *See, e.g., Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1064-1065 (9th Cir. 2000); *A.B.T. v. U.S. Citizenship & Immigr. Servs.*, No. 2:11-CV-02108 RAJ, 2012 WL 2995064 (W.D. Wash. July 20, 2012); *J.J. v. Olympia Sch. Dist.*, No. C16-5060 BHS, 2016 WL 3597784, at *2 (W.D. Wash. July 5, 2016); *W.H. et al. v. USCIS*, No. 2:15-cv-00813-JLR, Dkt. #22; *Int'l Refugee Assistance Project v. Trump*, No. CV TDC-17-0361, 2017 WL 818255, at *1 (D. Md. Mar. 1, 2017); *E.L.A. and O.L.C. v. USA*, No. 2:20-cv-01524-RAJ, Dkt. # 24 (W.D. Wash. Apr. 21, 2021); *EW v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003).

The Court also reminds Plaintiff of the duties imposed by Local Rule 26(c): "Any motion for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants

**ORDER** DENYING MOTION TO PROCEED UNDER PSEUDONYMS AND FOR PROTECTIVE ORDER - 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

to the conference. If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute." LCR 26(c). Plaintiff should make a good-faith effort to meet and confer with Defendants before requesting a protective order from the Court. And perhaps the parties may find common ground through meeting and conferring and present any renewed motion as a stipulated motion for relief.

In the meantime, all parties should scrupulously abstain from disclosing Plaintiff's identity and should proceed using a pseudonym or under seal until the Court has had a chance to rule on this issue.

Plaintiff's motion is DENIED without prejudice.


Dated this 29th day of August, 2024.


Jamal N. Whitehead
United States District Judge

**ORDER** DENYING MOTION TO PROCEED UNDER PSEUDONYMS AND FOR PROTECTIVE ORDER - 3